IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV501-1-V

| | |
|---|---|
| TROY L. McFARLANE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court upon Petitioner's Delayed Motion for an Evidentiary Hearing, filed November 20, 2006.

By Judgment entered June 28, 1999, Petitioner was sentenced to concurrent terms of 280 months imprisonment. Petitioner directly appealed his sentence and conviction. On November 9, 1999, the United States Court of Appeals for the Fourth Circuit granted the Government's motion to dismiss Petitioner's appeal. On October 30, 2000, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence which was dismissed by this Court on April 30, 2002. On November 14, 2002, the Fourth Circuit dismissed Petitioner's appeal of the denial of his Motion to Vacate. On January 4, 2006, Petitioner sought permission from the Fourth Circuit to file a successive Motion to Vacate. On January 25, 2006, the Fourth Circuit denied Petitioner's application.

Petitioner has now filed the present motion with a March 2006, affidavit from his defense counsel seeking to establish that he received ineffective assistance of counsel in his criminal case. He asks the Court to grant him a hearing or to resentence him to 151 months imprisonment.

Petitioner's present motion is an attempt to circumvent the strictures of the Antiterrorism

and Effective Death Penalty Act's (AEDPA) successive provisions. Petitioner may not avoid the limitations on successive motions to vacate merely by labeling his filing a motion for a delayed hearing. Petitioner's motion is more properly characterized as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255, and the Court will treat it as such.[1] However, as Petitioner is well aware, under AEDPA "a second or successive motion must be certified . . . by a panel of the appropriate court of appeals. . ." 28 U.S.C. § 2255 (1997). Therefore, because Petitioner has already filed a motion to vacate with this Court (3:00CV533), Petitioner must first certify his motion with the Fourth Circuit Court of Appeals before he can file his successive motion in the District Court.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Delayed Motion for an Evidentiary Hearing which is construed as a Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED** without prejudice as successive.

Signed: January 10, 2007

Richard L. Voorhees
United States District Judge

---

[1] This Court finds that the Court of Appeals for the Fourth Circuit's decision in United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002), is distinguishable because, unlike in the Emmanuel case, this would not be Petitioner's first § 2255 motion. Id. at 650 (no notice required where recharacterization has no adverse impact on movant).